**In re Petition for DISCIPLINARY ACTION AGAINST John Allen HATLING, a Minnesota Attorney, Registration No. 167630.**

No. A09–1846.

Supreme Court of Minnesota.

March 8, 2011.

ORDER

On January 11, 2011, the court suspended respondent John Allen Hatling from the practice of law for a period of 45 days. Respondent has filed an affidavit stating that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination, and requests reinstatement. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective March 7, 2011, respondent John Allen Hatling is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination. By January 11, 2012, respondent shall file with the Clerk of Appellate Courts and serve upon the Director of the Office of Lawyers Professional Responsibility proof of successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), Rules on Lawyers Professional Responsibility.

IT IS FURTHER ORDERED that respondent is placed on probation for a period of two years, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Re-

spondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and shall timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements and shall provide the Director with copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for extensions and proof of approval of such extensions where approval by the taxing authority is required for the extension to be effective. Respondent shall provide the documents and information required by this paragraph without specific reminder or request.

(d) Within 60 days of the date of filing of this order, respondent shall have entered into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements and proof that respondent is current on payments required by the agreements. If, despite diligent efforts, respondent has not reached agreement with the IRS and the DOR, respondent shall report monthly to the Director concerning his progress until written payment agreements have been signed with both the IRS and the DOR.

BY THE COURT:

/s/Alan C. Page
Associate Justice